UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAMILTON THOM-MANUEL | MCAD NO. 16BEM02179 |
| Plaintiff, | EEOC/HUD NO.: 16C-2016-02108 |
| vs. | USDC DOCKET NO.: 1:19-cv-11267 |
| 49 THOMAS PATTEN DRIVE OPERATING COMPANY, LLC d/b/a CAREONE AT RANDOLPH, | |
| Defendant. | |

## PLAINTIFF HAMILTON THOM-MANUEL'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES HAMILTON THOM-MANUEL, the plaintiff in the above-entitled action, and hereby states as follows:

## THE PARTIES

1.    Plaintiff, Hamilton Thom-Manuel, (hereinafter referred to as "Plaintiff" or "Thom-Manuel"), is an individual residing in the City of Brockton, County of Plymouth, Commonwealth of Massachusetts.

2.    Defendant, 49 Thomas Patten Drive Operating Company (hereinafter referred to as "Defendant" or "CareOne"), a corporation organized under the laws of the Commonwealth of Massachusetts, and registered to do business within the Commonwealth of Massachusetts, and is an employer as defined by 42 U.S.C. 2000e  and Massachusetts General Laws Chapter 151B, § 1, now or formerly

1

having a usual place of business and a principal office at 49 Thomas Patten Drive,

City of Randolph, County of Norfolk, Massachusetts.

## STATEMENT OF SUBJECT MATTER JURISDICTION

3. This is a civil rights action based on unlawful discrimination on the basis of race and national origin by an employer against its employee and for unlawful retaliation.

4. This unlawful discrimination was perpetrated by the employer against its employee in violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended, and in violation of M.G.L. Chapter 151B, §1, et seq.

5. These unlawful practices were committed in the Federal District of Massachusetts, this Court's judicial district.

6. This Court has jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 2000e-5(f)(3) and 28 U.S.C. 1331.

7. Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant to Federal law.

8. The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff is a Nigerian man.

10. Plaintiff is a member of the protected classes of 42 U.S.C. 2000e, and M.G.L. Chapter 151B.

11.  Plaintiff commenced his employment as a Therapeutic Assistant with Defendant on or about June 2006.

12.  Plaintiff was subsequently promoted to the position of Therapeutic Specialist three (3) years later and held this position for about seven (7) years.

13.  As part of his employment benefits, Plaintiff was entitled to tuition reimbursement up to $2,500 per calendar year.

14.  At all times relevant to this Complaint, Plaintiff performed the duties of his positions in a competent and entirely satisfactory manner.

15.  Plaintiff received positive feedback regarding his work performance and received at least four positive performance reviews during his employment at CareOne.

16.  At all times relevant to this Complaint, Defendant had an obligation and duty to provide Plaintiff with a workplace free from race discrimination.

17.  David Cohen became Plaintiff's supervisor in 2013. Prior to Mr. Cohen becoming Plaintiff's supervisor he had not received any warnings or any other disciplinary actions.

18.  After Mr. Cohen became Plaintiff's supervisor, Defendant subjected Plaintiff to a hostile work environment based on impermissible consideration of his Race/Color (Black), and National Origin (Nigerian) and treated him differently than other similarly situated employees not members of Plaintiff's protected classes.

19.  After Mr. Cohen became supervisor, Plaintiff applied for his tuition reimbursement however Plaintiff was denied the opportunity to use his benefit

20.  Plaintiff complained to Mr. Cohen that he failed to provide Plaintiff with equal tuition reimbursement benefits comparable to other non-minority employees.

21.   Following his Complaint, Plaintiff received his first written warning on August 11, 2014.

22.   Defendant ignored Plaintiff's complaint concerning tuition reimbursement.

23.   On or about December 4, 2014, Plaintiff sued Defendant in Brockton District Court (Docket No. 1415SC3343) for the value of the tuition reimbursement benefit.

24.   On or about February 3, 2015 Plaintiff prevailed and Defendant was ordered to pay the value of the tuition reimbursement with interest.

25.   Plaintiff continued to be subjected to a host of retaliatory conduct and a hostile work environment as a result of asserting his legal right to receive equal employment benefits.

26.   Following his Complaint, Plaintiff was also denied the opportunity to apply for the promotional position of a Program Manager although the Plaintiff expressed interest in the position.

27.   The position of Program Manager was ultimately offered to a white woman despite Plaintiff being more qualified for the position.

28.   Defendant paid Plaintiff less than other comparable non-minority Employees in the same position.

29.   Following his Complaint, Plaintiff discovered that David Leblanc, a white male, earned substantially more than Plaintiff even though Plaintiff had higher credentials for the Therapeutic Specialist position.

30.   Despite being subjected to retaliation as a result of asserting his legal right to receive equal employment benefits, Plaintiff reapplied for another tuition

reimbursement benefit on February 5, 2016 for a course beginning February 16, 2016 through March 28, 2016.

31. The application was approved by Defendant on February 8, 2016 and the tuition reimbursement benefit was to be paid upon completion of the course. Plaintiff did complete the course.

32. However, Defendant did not provide Plaintiff with the $2,500 tuition reimbursement for this course even though Defendant had approved the course for tuition reimbursement.

33. Plaintiff requested a meeting with Defendant's Human Resource department to further discuss his complaints of discrimination, which was scheduled to take place on February 24, 2016.

34. On February 23, 2016, the day before the human resource meeting, Plaintiff and coworker, Marie Denice Traversiere, a Therapeutic Assistant, went on a trip to Walmart with three residents.

35. Both Plaintiff and Ms. Traversiere completed the training regarding dietary food restrictions prior to February 23, 2016 Walmart trip.

36. Plaintiff and Ms. Traversiere split up into two groups where Plaintiff supervised two of the three residents and Ms. Traversiere supervised V.C.

37. After their shopping experience, the groups met again in the parking lot next to their bus in order to make their way back to the CareOne facility.

38. At this point, Ms. Traversiere informed Plaintiff that V.C. purchased a bag of chips and that she could not prevent V.C. from purchasing the bag of chips without V.C. becoming aggressive and agitated inside the store.

39. Defendant had a policy instructing its employees to not create or cause a scene to upset its residents, especially in public.

40. Ms. Traversiere further explained that V.C. disobeyed her instructions to not purchase it and she did not forcefully remove the bag of chips from V.C.'s hand to avoid causing a physical altercation with the patient in public.

41. When Plaintiff took notice that V.C. purchased the restricted item, Plaintiff agreed to deal with the issue in private by waiting until they reached the CareOne facility to remove the restricted item.

42. At no point during the bus ride back to the CareOne facility did V.C. open or attempt to consume the bag of chips; he simply held on to it.

43. Once V.C. was inside the facility, the closed bag of chips was removed from his possession and he became very upset and aggressive.

44. Plaintiff entered the facility and explained to CareOne Management that he was not present with V.C. at the time he purchased the bag of chips because the groups had split and he was not directly supervising this particular resident inside of the store.

45. Defendant had a policy requiring employees to complete a Trip Activity Sheet listing all the items purchased by the patients following an outing.

46. Plaintiff and Ms. Traversiere complied with the policy and completed the Trip Activity Sheet and the document was approved by the Program Director and signed by Karen Luston, Director of Nursing.

47. On February 24, 2016, Plaintiff returned to work with a letter to Defendant summarizing some of the incidents of discrimination and retaliatory conduct he had

been experiencing as a result of asserting his right to tuition reimbursement benefit in preparation for the meeting that was scheduled to take place on this date.

48. Unbeknownst to Plaintiff, the meeting was cancelled.

49. As Plaintiff handed Defendant the letter, he was handed a suspension notice in which Defendant alleged a resident in his direct supervision was allowed to purchase food items on February 23, 2016, referencing V.C.

50. Defendant thereafter terminated Plaintiff's employment on March 4, 2016 and the meeting with the Human Resource department to discuss Plaintiff's complaints of discrimination never took place.

51. Moreover, Plaintiff never received his tuition reimbursement for the course beginning in February 16, 2016 through March 28, 2016.

52. Defendant's termination of Plaintiff's employment was also discriminatory on the basis of race and national origin, as similarly situated non-minority comparative employees were not terminated under far more egregious circumstances.

53. On one occasion, David Leblanc received no disciplinary action after a resident under his supervision purchased an alcoholic beverage during an outing, brought it back to the facility and consumed it.

54. On another occasion, Curtis Ushry, an African American employee was directly supervising a resident who consumed a prohibited food item and yet he was not terminated.

55. Defendant is unable to articulate a legitimate, non-pretextual, non-discriminatory reason for its adverse actions and retaliatory conduct against Plaintiff.

56.   Defendant's articulated reasons for its adverse action are false and a pretext for discrimination against Plaintiff because of his race, national origin and for retaliation as a result of Plaintiff asserting his right to equal employment benefits and promotional opportunities.

57.   Defendant suspended and subsequently terminated Plaintiff to avoid holding the meeting to address his numerous complaints of discrimination, adverse action and retaliatory conduct and to avoid paying Plaintiff his tuition reimbursement benefits for the courses beginning in February 16, 2016 through March 28, 2016.

58.   As a result of Defendant's discrimination, Plaintiff has suffered, and continues to suffer, losses of past and future wages, earnings, earning capacity, professional opportunities, salary and fringe benefits, and has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, attorney's fees and costs and other losses.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## OF 1964, AS AMENDED UNLAWFUL DISCRIMINATION

59.   Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs one through fifty-eight above as if set forth here in their entirety.

60.   Plaintiff is a member of a protected class pursuant to Title VII of The Civil Rights Act Of 1964, as amended as a Black Male of African/Nigerian descent.

61.   Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when he properly and in a timely manner filed a Charge of Discrimination with the MCAD, said Complaint which was cross-filed with the EEOC, said complaint alleging that CareOne subjected him to unlawful discrimination and retaliation.

62.   The Equal Employment Opportunity Commission issued a right to sue letter dated March 21, 2019 and Plaintiff pursuant to that notice timely filed a Complaint with this Court.

63.   Defendant discriminated against Plaintiff based on impermissible consideration of her Race/Color (Black), and National Origin (Nigerian) all as fully set forth above.

64.   The above acts and practices of Defendant constitute unlawful discriminatory acts in violation of Title VII of The Civil Rights Act Of 1964, As Amended, 42 U.S.C., § 2000e.

65.   As a direct and proximate result of Defendant's unlawful discrimination and retaliation in violation of the Title VII, the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended, the plaintiff has sustained losses of past and future wages, earnings, earning capacity, professional opportunities, salary and fringe benefits, and has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, attorney's fees and costs and other losses.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

   a)   Declare that Defendant's conduct violated Title VII, the Civil Rights Act, 42 U.S.C. 2000e, et seq.;

   b)   Issue a mandatory injunction compelling Defendant to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce discrimination;

   c)   Award Plaintiff compensatory damages;

   d)   Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and,

f) Issue such other relief as this Court deems just and proper.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER 151B, § 4

66. Plaintiff restates, realleges and incorporates by reference herein all allegations one through sixty-five of the Complaint.

67. Defendant unlawfully discriminated against Plaintiff because of and on account of his race in violation of M.G.L.ch. 151B, § 4.

68. As a direct and proximate result of Defendant's unlawful discrimination in violation of M.G.L. Chapter 151B, § 4, Plaintiff has sustained losses of past and future wages, earnings, earning capacity, professional opportunities, salary and fringe benefits, and has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, attorney's fees and costs and other losses as he will show at trial.

69. Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, § 5 when he properly and in a timely manner filed a complaint with the MCAD, said complaint alleging that Defendant subjected him to unlawful discrimination.

70. More than ninety days have passed since Plaintiff filed a Complaint with the MCAD.

71. Massachusetts General Laws Chapter 151B, § 9 authorizes Plaintiff to bring this private civil action against Defendant.

72.     As a direct and proximate result of Defendant's unlawful discrimination and retaliation in violation of the M.G.L.ch. 151B, et seq., as amended, the plaintiff has sustained losses of past and future wages, earnings, earning capacity, professional opportunities, salary and fringe benefits, and has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, attorney's fees and costs and other losses.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

a)  Declare that Defendant's conduct violated Title VII, the Civil Rights Act, 42 U.S.C. 2000e, et seq.;

b)  Issue a mandatory injunction compelling Defendant to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce discrimination;

c)  Award Plaintiff compensatory damages;

d)  Award Plaintiff punitive damages;

e)  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and,

f)   Issue such other relief as this Court deems just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF M.G.L. CHAPTER 151B, § 4(4)

73.     Plaintiff restates, realleges and incorporates by reference herein all allegations one through seventy-two of the Complaint.

11

74.     Defendant discriminated and retaliated against Plaintiff for exercising rights protected under M.G.L. c. 151B, by, inter alia, terminating his employment and depriving him of earned benefits, causing his employment to be terminated and benefits not to be paid or otherwise interfering with the terms and conditions of his employment.

75.     As a result, thereof, Plaintiff has suffered, and continues to suffer, losses of past and future wages, earnings, earning capacity, professional opportunities, salary and fringe benefits, and has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, attorney's fees and costs and other losses.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

a) Declare that Defendant's conduct violated Title VII, the Civil Rights Act, 42 U.S.C. 2000e, et seq.;

b) Issue a mandatory injunction compelling Defendant to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce discrimination;

c) Award Plaintiff compensatory damages;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and,

f)  Issue such other relief as this Court deems just and proper.

## COUNT IV
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

76.     Plaintiff restates, realleges and incorporates by reference herein all allegations one through seventy-five of the Complaint.

77.     There is an implied covenant of good faith and fair dealing in the contract between Defendant and Plaintiff.

78.     Defendant arbitrarily, capriciously, or in bad faith terminated Plaintiff in order to deprive him of his earned educational reimbursement tuition credit.

79.     Defendant has been unjustly enriched by, inter alia, receiving the financial and other benefits of Plaintiff's services and performance without paying him his earned tuition reimbursement credit.

80.     As a result of that breach, Plaintiff has suffered, and continues to suffer, losses of past and future wages, earnings, earning capacity, professional opportunities, salary and fringe benefits, and has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, attorney's fees and costs and other losses.

Respectfully submitted,
Hamilton Thom-Manuel,
By his attorneys,

/s/ Sania S. Santos
Sania Santos, Esq., BBO No. 690735
santos@alvessantoslaw.com
Starlene Alves, Esq., BBO No: 688869
alves@alvessantoslaw.com
Alves|Santos, LLP
37 Belmont St. Unit 203
Brockton, MA 02139
(774)203-9751 x2
(774)206-2154

Dated: June 6, 2019